**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| INGRAM D. JACKSON, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-0170 |
| | § | |
| ERIC K. SHINSEKI, SECRETARY | § | |
| OF VETERANS AFFAIRS, | § | |
| | § | |

**MEMORANDUM AND OPINION**

This suit arises out of Ingram Jackson's employment as a medical technologist at the Houston Veterans Affairs ("VA") Medical Center.  Jackson has sued Eric Shinseki, the Secretary of Veterans Affairs, alleging disparate treatment and hostile work environment based on gender, race, color, and religion.  On December 13, 2006, Jackson filed a formal discrimination complaint with the VA.  The agency investigated and issued a final decision on October 26, 2007.  Jackson pursued an administrative appeal with the EEOC.  On April 18, 2008, while that appeal was pending, Jackson filed a federal court lawsuit, Civil Action No. H-08-1210.  The court dismissed the suit because Jackson had failed to exhaust his administrative remedies; he neither waited for the appeal to conclude nor until 180 days had passed after filing the appeal, as federal regulations require.  The present case, filed on January 19, 2010, is Jackson's second lawsuit on the same claims.

Secretary Shinseki has moved to dismiss for lack of subject matter jurisdiction, arguing that Jackson has failed to exhaust his administrative remedies.  (Docket Entry No. 3).  Jackson has responded. (Docket Entry No. 4).  The parties presented oral argument on the motion at the initial conference.  (Docket Entry No. 9).  Based on the motion and response, the arguments of counsel,

the record, and the applicable law, this court grants the motion to dismiss for lack of subject matter jurisdiction for failure to exhaust. This case is dismissed by separate order. The reasons for this ruling are explained below.

## I.     Background

On December 13, 2006, Jackson, an African-American male, filed a complaint of employment discrimination with the VA. (Docket Entry No. 3, Ex. 1). He alleged that his supervisor, Lenka Dimania, a woman who is not African-American, discriminated against him because of his race, sex, and his complaints about discrimination. Jackson alleged that he was subjected to harassment and improperly disciplined and that his employment was improperly terminated. He sought back pay, reinstatement, full-time employment status, a promotion, a new supervisor and shift, removal of formal discipline from his record, money damages, and attorney's fees. (*Id.*).

On January 23, 2007, the VA Office of Resolution Management sent Jackson's attorney a letter stating that the complaint had been accepted for investigation. The letter stated that Jackson would be given notice that the investigation was completed within 180 days after the complaint filing date, with a copy of the investigation file. At that point, Jackson could ask for either a Final Agency Decision ("FAD") from the VA or a hearing from an EEOC administrative law judge. (*Id.*, Ex. 2).

On October 26, 2007, the VA issued an FAD. (*Id.*, Ex. 3). The FAD stated that Jackson had failed to respond to the notice that his investigative file was complete, leading the VA to pursue an immediate FAD. The FAD discussed all Jackson's claims at length and found that none warranted relief on the merits. It concluded that Jackson "fails to establish that the agency discriminated

against him as alleged in the complaint." (*Id.* at 24).  The FAD also informed Jackson of his right to appeal and his right to file a civil action.  The FAD stated in part as follows:

### RIGHT OF APPEAL

Within 30 days of receipt of this final decision, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036.**  If an appeal is filed, EEOC Form 573 should be used.  A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal.  A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness.  If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court.  The complainant may file a civil action

within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or

> within 90 days after receipt of the EEOC's final decision on appeal; or
>
> after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

(*Id.* at 24-25 (emphasis in original)).

On November 20, 2007, Jackson filed a Notice of Appeal/Petition to the Equal Employment Opportunity Commission Office of Federal Operations.  (*Id.*, Ex. 4).  It was stamped as received on November 26, 2007.  (*Id*).  Before the appeal was concluded, on April 18, 2008, Jackson filed a suit in the Houston Division of the Southern District of Texas, Civil Action No. 08-1210.  The suit, which was randomly assigned to Judge Miller, alleged race, color, sex, religion, and age discrimination.  The suit was filed 144 days after the EEOC received Jackson's notice of administrative appeal. On January 13, 2009, the EEOC dismissed the administrative appeal because Jackson had filed the federal suit.  (Docket Entry No. 3, Ex. 5).  On December 21, 2009, Judge Miller granted Secretary Shinseki's motion to dismiss Civil Action No. 08-1210.  *Jackson v. Shinseki*, No. 08-12010, 2009 WL 4927619 (S.D. Tex. Dec. 21, 2009).  The opinion stated: "In the present case, Jackson filed his civil suit just 144 days after filing his appeal and before the EEOC OFO issued a final decision on the appeal.  Thus Jackson has filed too soon and has failed to exhaust his administrative remedies."  *Id.* at *2.  Because Jackson had failed to exhaust, the court lacked subject matter jurisdiction, and the case was dismissed, without prejudice.  *Id.*

Jackson did not pursue any further administrative remedies.  He filed the present case on January 19, 2010.  (Docket Entry No. 1).  The claims in this case are the same as those filed in the first federal suit except that Jackson does not allege age discrimination or seek exemplary damages. Secretary Shinseki has moved to dismiss for lack of subject matter jurisdiction on the basis that

Jackson has failed to exhaust his administrative remedies.  Secretary Shinseki argues that the failure to exhaust that led to dismissal in the earlier suit was not cured before Jackson filed the present suit and cannot be cured at this point.  (Docket Entry No. 3).  Jackson has responded.  He argues that this court should find an exception to the exhaustion requirement based on fairness and similar considerations.  (Docket Entry No. 4).  At the initial conference held on May 28, 2010, both parties presented arguments on the motion to dismiss.  (Docket Entry No. 9).

The parties' arguments are addressed below.

## II.    The Applicable Law

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997); *see also Clark*, 798

F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

As a condition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to exhaust his or her administrative remedies. 42 U.S.C. § 2000e *et seq*.; *Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If the plaintiff fails to exhaust his administrative remedies, the district court lacks jurisdiction to entertain the lawsuit. *Id.* Title VII actions filed in federal court by federal employees must be filed within the time allotted by Title VII and the plaintiff must first have exhausted her administrative remedies. *See Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990). When a complainant pursues EEOC review of an initial agency determination, the complainant must exhaust that avenue before bringing a civil action. *See Tolbert*, 916 F.2d at 247; *White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990).

## III.    Analysis

When the FAD was issued, Jackson had the option of filing an administrative appeal or immediately filing a civil action challenging the decision in federal court. Once he chose to pursue the administrative appeal, however, Jackson could not sue in federal court until the appeal was decided or 180 days had passed without an agency decision. *See Tolbert*, 916 F.2d at 248; 29 C.F.R. § 1614.407. Jackson filed his first suit 144 days after filing his administrative appeal with the EEOC and before any EEOC decision on the appeal. On this record, his first suit was dismissed for lack of subject matter jurisdiction. *Jackson*, No. 08-1820, 2009 WL 4927619, at *2. The dismissal was based on the Fifth Circuit's decision in *Tolbert*, 916 F.2d at 246-49. In that case, the plaintiff, Tolbert, a former  United States Postal Service employee, was denied reemployment. She filed an

6

administrative complaint alleging that she had been harassed during her employment and that the failure to rehire her was discriminatory.  The Postal Service rejected her complaint and she timely appealed to the EEOC.  Ten days after filing the EEOC appeal, before the EEOC had issued a decision, Tolbert filed a suit in federal court.  The district court granted summary judgment because Tolbert had not exhausted her administrative remedies.  *Id.* at 247.  The Fifth Circuit affirmed.  It held that the district court lacked jurisdiction, noting "that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies."  *Id.* at 248.[1]  The court concluded that "plaintiffs in Title VII actions who seek EEOC review of the decision of whatever initial agency denied their claim must complete the course of review by the EEOC before filing a civil action."  *Id.*

      Jackson argues that this court should exercise its equitable power to excuse his failure to exhaust administrative remedies.  As an initial matter, these arguments are not a basis for the relief Jackson seeks because they in effect ask this court to revisit the decision made in the first lawsuit that the exhaustion requirement applied.  Jackson's arguments are also unpersuasive on the merits. The law is clear that a federal employee's failure to exhaust is generally not subject to equitable tolling.  *Tolbert*, 916 F.2d at 248-49; *see also Atkins v. Kempthorne*, 353 F.App'x 934, 936-37 (5th Cir. 2009); *Rolland v. U.S. Dept. of Veterans Affairs*, 146 F.App'x 743, 746 (5th Cir. 2005) ("A complainant's failure to follow administrative procedures, particularly where he is represented by counsel, is not one of the grounds for equitable tolling.").  The Fifth Circuit has expressed some uncertainty as to whether exhaustion is a jurisdictional requirement.  *See Pacheco v. Mineta*, 448

---

[1] This holding forecloses Jackson's argument that he did not abandon the administrative proceedings.

F.3d 783, 788 n. 7 (5th Cir. 2006),[2] but even if equitable exceptions may be made in some cases, the record shows no basis to apply them here. Jackson was represented by counsel. And there is no reason to believe, as in some of the cases cited by Jackson, that the administrative procedures would have been inadequate or futile, that the relief sought would be beyond the competence or power of the EEOC, or that it would have been overly burdensome, expensive, or unreasonable for Jackson to exhaust his remedies.

The remaining issue is whether Jackson's failure to exhaust, the jurisdictional defect that barred his first suit, has been cured. 180 days passed between the date Jackson filed his administrative appeal and the date this suit was filed. And the EEOC dismissed Jackson's appeal before he filed this suit. In *Tolbert*, 916 F.2d at 249, the Fifth Circuit held that the jurisdictional defect was not cured by the EEOC's issuing its decision before the district court dismissed Tolbert's claim. The court stated that "[t]o hold otherwise would allow a plaintiff to file an action and begin civil proceedings–discovery, motions to dismiss and for summary judgment, and so on–before completing the course of administrative review," which would effectively allow the plaintiff to circumvent the exhaustion rule. *Id.* This "strict construction," the court stated, was "necessary if the aims of the exhaustion requirement are to be served." *Id.* In *Rolland*, 146 F. App'x at 745, the Fifth Circuit characterized *Tolbert* as stating that "filing too early is not a defect that can be cured

---

[2] In a footnote, the *Pacheco* court cited a disagreement between Fifth Circuit panels as to whether failure to exhaust is jurisdictional and declined to take a position because it did not find any of the equitable arguments persuasive. *Id.* But the three cases *Pacheco* cited that found exhaustion to be jurisdictional involved federal employees, *see Tolbert*, 916 F.3d at 247; *Randel*, 157 F.3d at 395; *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981), whereas the two cases reaching the opposite result involved private employees, *see Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 449 (5th Cir. 1983), or municipal employees, *see Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir. 1990). In Jackson's first federal suit, Judge Miller rejected the argument that exhaustion was not jurisdictional because Jackson was a federal employee. *Jackson*, No. 08-1210, 2009 WL 4927619, at *2.

by the passage of time."  A number of courts have reached the same conclusion, holding that a failure to wait 180 days after filing an EEOC administrative appeal before filing a federal court suit cannot later be cured by the passage of time or the issuance of an EEOC decision.  *Batiste v. Henderson*, No. 99-0939, 2000 WL 264001, at *3 E.D. La. Mar. 9, 2000) (collecting cases).

These cases provided the basis for dismissing Jackson's first federal lawsuit.  There is no reason that a different rule should apply because Jackson  has filed a second lawsuit.  The purposes behind exhaustion doctrine, which drove the result in *Tolbert*, apply with equal force here.  The exhaustion requirement is intended "to allow an administrative agency to perform functions within its special competence–to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."  *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S. Ct. 815 (1972). "The exhaustion requirement avoids premature interruption of the administrative process, and allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously.  Exhaustion is required in part because of the possibility that administrative review might obviate the need for judicial review.  That the administrative process might not have this effect is not usually a reason for bypassing it."  *Sweet Life v. Dole*, 876 F.2d 402, 407 (5th Cir. 1989) (quotations and internal citations omitted).  By abandoning the appeal before the EEOC had completed its work or the 180 days had passed, Jackson prevented the administrative process from fulfilling its intended function.  As the Fifth Circuit stated, strictly applying these requirements "does not impose any great additional burden on Title VII plaintiffs or their counsel." *Tolbert*, 916 F.2d at 249.

## IV.     Conclusion

Secretary Shinseki's motion to dismiss for lack of subject matter jurisdiction is granted.  An order of dismissal will be entered.

SIGNED on June 7, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge